# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| HAMMOND DEVELOPMENT INTERNATIONAL, INC. | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION No. 6:19-cv-00355-ADA |
| AMAZON.COM, INC., AMAZON.COM LLC, AMAZON.COM SERVICES, INC. AND AMAZON WEB SERVICES, INC. | § § § § § § § | JURY TRIAL DEMANDED **[LEAD CASE]** |
| Defendants. | | |

| | | |
|---|---|---|
| HAMMOND DEVELOPMENT INTERNATIONAL, INC. | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION No. 6:19-cv-00356-ADA |
| GOOGLE LLC | § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

**DEFENDANT GOOGLE LLC'S OPPOSED MOTION TO TRANSFER**

**TABLE OF CONTENTS**

Page

| | | | |
|---|---|---|---|---|
| I. | FACTUAL BACKGROUND | | | 1 |
| | A. | Google's Relevant Documents And Witnesses Are Located In The NDCA | | 1 |
| | B. | Third-Party Prior Art Witnesses And Evidence Are Located In The NDCA | | 2 |
| | C. | Plaintiff HDI Has No Ties To The WDTX | | 3 |
| II. | LEGAL STANDARD | | | 3 |
| III. | THIS CASE COULD HAVE BEEN FILED IN THE NDCA | | | 4 |
| IV. | THE NDCA IS THE MOST CONVENIENT FORUM FOR THIS CASE | | | 4 |
| | A. | The Private Interest Factors Heavily Favor Transfer To The NDCA | | 4 |
| | | 1. | Relative Ease Of Access To Sources Of Proof | 4 |
| | | 2. | Availability Of Compulsory Process | 6 |
| | | 3. | Cost Of Attendance For Willing Witnesses | 6 |
| | | 4. | Practical Problems For An Easy, Expeditious, And Inexpensive Case | 8 |
| | B. | The Public Interest Factors Weigh In Favor Of Transfer | | 8 |
| V. | IF THIS CASE REMAINS IN THE WDTX, AUSTIN IS A MORE CONVENIENT VENUE THAN WACO | | | 9 |
| | A. | Private Interest Factors Weigh In Favor Of Transfer To Austin | | 9 |
| | | 1. | Cost Of Attendance For Willing Witnesses | 9 |
| | | 2. | Practical Problems For An Easy, Expeditious, And Inexpensive Case | 9 |
| | | 3. | Relative Ease Of Access To Sources Of Proof And Availability Of Compulsory Process | 10 |
| | B. | Public Interest Factors Are Neutral | | 10 |
| VI. | CONCLUSION | | | 10 |

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*DataQuill, Ltd. v. Apple Inc.*, No. A-13-CA-706-SS,
   2014 WL 2722201 (W.D. Tex. June 13, 2014) .................................................................. 4

*Datascape, Ltd. v. Dell Techs., Inc.*,
   No. 6:19-CV-00129-ADA, 2019 WL 4254069 (W.D. Tex. June 7, 2019) ............................. 6

*Fintiv, Inc. v. Apple Inc.*,
   Case No. 6:18-cv-372-ADA, Dkt. 73 (W.D. Tex. Sept. 10, 2019) ......................................... 8

*In re Genentech, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009) ................................................................................... passim

*In re Google Inc.*,
   No. 2017-107, 2017 WL 977038 (Fed. Cir. Feb. 23, 2017) ................................................... 9

*In re Volkswagen of Am. Inc.*,
   545 F.3d 304 (5th Cir. 2008) ...................................................................................... passim

*Polaris Innovations Ltd. v. Dell, Inc.*,
   No. SA-16-CV-451-XR, 2016 WL 7077069 (W.D. Tex. Dec. 5, 2016) .................................. 7

*Wet Sounds, Inc. v. Audio Formz, LLC*,
   No. A-17-CV-141-LY, 2017 WL 4547916 (W.D. Tex. Oct. 11, 2017), *report and
   recommendation adopted*, No. 1:17-CV-141-LY, 2018 WL 1219248 (W.D. Tex. Jan. 22,
   2018) ............................................................................................................................ 7

*XY, LLC v. Trans Ova Genetics, LC*,
   No. 16-CA-00447-RP, 2017 WL 5505340 (W.D. Tex. Apr. 5, 2017) ..................................... 5

Pursuant to 28 U.S.C. § 1404(a), Google LLC ("Google") seeks transfer to the Northern District of California ("NDCA") or, alternatively, to the Austin Division of this District. Transfer to the NDCA is appropriate because the most relevant Google witnesses who work on the accused functionality in the accused products, Google Assistant's Actions on Google, are located in the NDCA where Google is headquartered. The vast majority of Google's documents and records related to the accused functionality are hosted in secure servers managed from Google's offices in the NDCA. And numerous third-party witnesses, including several developers of prior art products, reside in the NDCA—the only place they can be compelled to attend trial. By contrast, Google has no ties to this District that are relevant to the transfer analysis, and Plaintiff Hammond Development International, Inc. ("HDI") has no ties to this District at all.

If the Court finds that transfer to the NDCA is not warranted, Google alternatively seeks intra-district transfer to the Austin Division. Travel to Austin for Google's California witnesses is more convenient than travel to Waco. Additionally, the Amazon defendants in the lead case *Hammond Development International, Inc. v. Amazon.com, Inc.*, No. 19-cv-00355-ADA ("*Amazon* Case") have also requested transfer to Austin. Although the NDCA is the most convenient venue for this case, if this case is to remain in this District, it should proceed in Austin with the *Amazon* Case for judicial efficiency reasons. *See* Dkt. 39.

## I.    FACTUAL BACKGROUND

### A.    Google's Relevant Documents And Witnesses Are Located In The NDCA

Google was founded in Mountain View, California over 15 years ago and has been headquartered there since. *See* Declaration of L. Khan ("Khan Decl."), ¶ 2. The majority of Google's worldwide workforce is in the NDCA. *Id*.

TO NDCA OR AUSTIN

In its complaint and infringement contentions, HDI accuses functionality related to Google Assistant's Actions on Google. Case No. 6:19-cv-00356-ADA ("*Google* case"), Dkt. 1, ¶¶ 67–69; Ex. A.[1, 2] Google researches, designs, develops, and tests the accused functionality in the NDCA. Khan Decl., ¶¶ 4–5. The relevant Google engineers who work or worked on the accused functionality work in Google's Mountain View offices and reside in the San Francisco Bay Area. *Id*. For instance, the Group Product Manager who works on Actions on Google and five of his six direct reports work in Mountain View. Khan Decl., ¶ 4. Additionally, the Distinguished Software Engineer who leads a team that works on Actions on Google and four of his five reports work in Mountain View. Khan Decl., ¶ 5. Although Google has offices in Austin, Google has not identified any employees in Austin who work on the accused functionality. Khan Decl., ¶ 6.

### B. Third-Party Prior Art Witnesses And Evidence Are Located In The NDCA

Based on its prior art investigation, Google has unearthed at least eight prior art systems that were developed by companies founded or headquartered in the NDCA. Upon information and belief, at least 12 key witnesses, founders, technical leads, and engineers from those companies still reside in California—nearly all in the San Francisco Bay Area.

| **Prior Art System** | **Company** | **Witnesses** | **Role** | **Current Location** |
|---|---|---|---|---|
| Cisco IOS Voice XML Gateway and Cisco Voice XML Solution Infrastructure (Exs. B1–B4) | Cisco Systems, Inc. (San Jose) | Saravanan Shanmugham; Jenny Yao | Technical Leads | Saratoga; San Jose |
| Tellme Voice Portal and Mobile (Exs. C1–C3) | Tellme Networks (Mountain View) | Mike McCue | Founder | San Francisco |

---

[1] Google does not concede that HDI's Infringement Contentions are sufficient. Google reserves all rights to object to and dispute the sufficiency of HDI's Infringement Contentions.
[2] All Exhibits cited as "Ex." are exhibits to the Declaration of Amy K. Liang.

| BeVocal Cafe (Exs. D1–D4) | BeVocal Inc. (Mountain View) | Mikael Berner; Steve Tran | Founders | San Jose; Palo Alto |
|---|---|---|---|---|
| TuVox CVR, OnDemand, and SmartGen (Exs. E1–E4) | TuVox (Cupertino) | Steven Pollock; Ashok Khosla | Founders | San Mateo; Little River |
| Genesys Voice Platform and Media Server (Exs. F1–F4) | Genesys (Daly City) | Gregory Shenkman; Alec Miloslavsky | Founders | San Francisco; San Francisco |
| Prody Parrot (Exs. G1–G3) | MindMaker (San Jose) | Joszef Kiraly | Founder | Orange County |
| General Magic Serengeti and Portico (Exs. H1–H3) | General Magic (Sunnyvale) | Danny Lange | CTO | San Francisco |
| Avaya Voice Portal (Exs. I1–I3) | Avaya, Inc. (Santa Clara) | Elena Korolyova | Lead System Verification Engineer | San Jose |

### C. Plaintiff HDI Has No Ties To The WDTX

HDI's principal place of business is in Richardson, TX—not in the WDTX. Dkt. 34-1, ¶ 4. Mr. Daniel Hammond, the founder, president, and director of HDI, lives in Dallas, TX—also not in the WDTX. HDI has not disclosed any other party witnesses. *See* Dkts. 34, 34-1.

## II. LEGAL STANDARD

To evaluate transfer under § 1404(a), courts first consider "whether a civil action 'might have been brought' in the destination venue." *In re Volkswagen of Am. Inc.*, 545 F.3d 304, 312 (5th Cir. 2008). If so, courts weigh eight private and public factors: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive; (5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of

unnecessary problems of conflict of laws [or in] the application of foreign law. *Id.* at 315.

## III. THIS CASE COULD HAVE BEEN FILED IN THE NDCA

This case could have been filed in the NDCA because Google is headquartered there.

## IV. THE NDCA IS THE MOST CONVENIENT FORUM FOR THIS CASE

The NDCA is the most convenient forum for this case because Google's relevant witnesses work in the NDCA and the relevant documents for this case are managed from the NDCA. Google was founded in and is headquartered in the NDCA and the accused functionality was developed in the NDCA, so that forum has a strong local interest in resolving the claims in this case. Additionally, key third-party witnesses with knowledge about prior art systems are located in the NDCA and cannot be compelled to testify at trial in the WDTX.

Neither Google nor HDI have any relevant ties to this District. While Google has offices in Austin, the relevant inquiry is whether Google has a presence that is *related* to the litigation. *See DataQuill, Ltd. v. Apple Inc.*, No. A-13-CA-706-SS, 2014 WL 2722201, at *5 (W.D. Tex. June 13, 2014) (granting transfer from the WDTX to the NDCA because "[t]here is no dispute [defendant] has a presence in this district, but that presence is unrelated to this litigation"). None of Google's key witnesses relevant to this litigation are located in Austin. *See supra* Section I.A. All of the private and public transfer factors weigh in favor of transfer to the NDCA or are neutral.

### A. The Private Interest Factors Heavily Favor Transfer To The NDCA

#### 1. Relative Ease Of Access To Sources Of Proof

The Federal Circuit has held that "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). "Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *Id.* The Fifth Circuit further explained that "the sources of proof requirement is a meaningful factor" and the argument "[t]hat access to some sources of

proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *In re Volkswagen of Am.*, 545 F.3d at 316. To determine the ease of access to sources of proof, the Court should look at "the location where the allegedly infringing products were researched, designed, developed and tested." *XY, LLC v. Trans Ova Genetics, LC*, No. 16-CA-00447-RP, 2017 WL 5505340, at *13 (W.D. Tex. Apr. 5, 2017).

Google researches, designs, develops, and tests the accused functionality in the NDCA. *See supra* Section I.B. Thus, sources of proof for the accused functionality are located in the NDCA.

Important third-party witnesses and evidence are also located in the NDCA. Specifically, the companies and witnesses that developed identified prior art products are located in the NDCA. These prior art products include: Cisco IOS Voice XML Gateway and Cisco Voice XML Solution Infrastructure (San Jose), Tellme Voice Portal and Mobile (Mountain View), BeVocal Café (Mountain View), TuVox CVR, OnDemand, and SmartGen (Cupertino), Genesys Voice Platform and Media Server (Daly City), Prody Parrot (San Jose/Orange County), General Magic Serengeti and Portico (Sunnyvale), and Avaya Voice Portal (Santa Clara). *See supra* Section I.B. The NDCA is not just the most convenient location to obtain this relevant evidence about the prior art systems—it is the only venue where a court can compel these witnesses to testify at trial.

HDI, meanwhile, is based in Richardson and has not identified any presence in or ties to the WDTX. *See Google* case Dkt. 1 at ¶ 2; Dkt. 34 (HDI's Response to Amazon's Motion to Transfer Venue) at 1–2. While HDI may argue that its one party witness Mr. Hammond prefers Waco, it is improper for a Court to use "its central location as a consideration in the absence of witnesses within the plaintiff's choice of venue." *In re Genentech, Inc.*, 566 F.3d at 1344. In any event, HDI's one witness and any documents that he might still have cannot outweigh the "bulk of

the relevant evidence" from Google in the NDCA in addition to the third-party prior art authors. *See id.* at 1345. Thus, this factor weighs heavily in favor of transfer to the NDCA.

### 2. Availability Of Compulsory Process

The compulsory process factor focuses on unwilling, non-party witnesses. *Datascape, Ltd. v. Dell Techs., Inc.*, No. 6:19-CV-00129-ADA, 2019 WL 4254069, at *2 (W.D. Tex. June 7, 2019). The NDCA in the early 2000s was a center of development of Interactive Voice Response (IVR) and voice portal products and systems, which is the field of the Asserted Patents. For example, there are eight prior art system products made by companies founded and headquartered in the NDCA, and Google has identified at least 12 witnesses with relevant knowledge about the prior art products. *See supra* Section I.B. All of these third parties are within the subpoena power of the NDCA, but outside of this Court's trial subpoena power, and thus could not be compelled to testify if this case remained in the WDTX.

By comparison, Google has not found any third-party prior art systems that were developed by companies or witnesses in the WDTX. And HDI has not identified any third-party witnesses in the WDTX. This factor therefore weighs heavily in favor of transfer to the NDCA.

### 3. Cost Of Attendance For Willing Witnesses

"When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen of Am.*, 545 F.3d at 317 (citation omitted).

The key witnesses with knowledge about the research, design, development, and testing of the accused functionality are Google employees who work in the NDCA. *See supra* Section I.B. If this case is not transferred, those witnesses will have to fly or fly and drive to Waco for trial and

any hearings that require their testimony. Flying numerous Google employees from the Bay Area to Waco and providing lodging for them in Waco will be expensive. More significant than the travel expenses will be the lost productivity and the interruption to the witnesses' daily and personal lives due to the amount of time these witnesses will need to spend traveling. *See In re Volkswagen of Am.*, 545 F.3d at 317 ("Witnesses not only suffer monetary costs, but also the personal costs associated with being away from work, family, and community."). There is no direct flight from the Bay Area to Waco. The shortest commercial flights to Waco from the Bay Area require around 5 hours and 15 minutes of travel (including a one hour layover in Dallas), not to mention time spent getting to and from, and waiting at the airport. Liang Decl., ¶ 2. As this Court has recognized, "the task of scheduling fact witnesses so as to minimize the time when they are removed from their regular work or home responsibilities gets increasingly difficult and complicated when the travel time from their home or work site to the court facility is five or six hours one-way as opposed to 30 minutes or an hour." *Wet Sounds, Inc. v. Audio Formz, LLC*, No. A-17-CV-141-LY, 2017 WL 4547916, at *3 (W.D. Tex. Oct. 11, 2017), *report and recommendation adopted*, No. 1:17-CV-141-LY, 2018 WL 1219248 (W.D. Tex. Jan. 22, 2018).

HDI's only party witness Mr. Hammond lives in Dallas, outside of the WDTX. While Waco may be more convenient than the NDCA for Mr. Hammond, it is improper for a court to use "its central location as a consideration in the absence of witnesses within the plaintiff's choice of venue." *In re Genentech, Inc.*, 566 F.3d at 1344.

Finally, the convenience of non-party witnesses also strongly favors transfer. As this Court has stated: "[I]t is the convenience of non-party witnesses, rather than of party witnesses, that is more important and accorded greater weight in a transfer of venue analysis." *Polaris Innovations Ltd. v. Dell, Inc.*, No. SA-16-CV-451-XR, 2016 WL 7077069, at *6 (W.D. Tex. Dec. 5, 2016)

(citing cases; alteration in original). As discussed, eight of the prior art companies and 12 of their former or current employees who developed the prior art products currently reside in the NDCA. While not all of these witnesses will likely testify at trial, it is common for one or more prior art witnesses to testify. The NDCA is a significantly more convenient forum for these witnesses than the WDTX for the same reasons set forth above with respect to Google's employees.

The cost and inconvenience of travel to Waco for numerous Google and third-party witnesses far outweighs the cost and inconvenience of travel to the NDCA for Mr. Hammond. This factor thus weighs heavily in favor of transfer to the NDCA.

### 4. Practical Problems For An Easy, Expeditious, And Inexpensive Case

This case is in its early stages: the initial case management conference took place only two weeks ago (on October 9th) and a complete pre-trial schedule has not yet been entered. The *Markman* hearing will not occur for seven months, on May 15, 2020. Thus, transfer at this point would not cause delays. This factor is neutral.

### B. The Public Interest Factors Weigh In Favor Of Transfer

On balance, the public interest factors weigh in favor of transfer. The NDCA has a strong local interest in this dispute: Google was founded in the NDCA where it still maintains its headquarters and largest offices and where Google developed the accused features and products in this case. *See supra* Section I.A. By contrast, neither Google nor HDI have any local ties to Waco. The familiarity with governing law and conflicts of law factors are neutral as both the NDCA and this District are familiar with, and will apply, federal patent law. As for the administrative difficulties factor, while this Court's time-to-trial may currently be 25% faster than the NDCA, this factor should be given the least weight as the Federal Circuit has held that time to trial "appears to be the most speculative" of the factors in the transfer analysis. *Fintiv,*

*Inc. v. Apple Inc.*, Case No. 6:18-cv-372-ADA, Dkt. 73, at 14–15 (W.D. Tex. Sept. 10, 2019); *Genentech*, 566 F.3d at 1347.

## V. IF THIS CASE REMAINS IN THE WDTX, AUSTIN IS A MORE CONVENIENT VENUE THAN WACO

While the NDCA is the most convenient forum for this case, if the Court decides this case should remain in the WDTX, Google respectfully requests transfer to Austin. As detailed below, Austin is more convenient than Waco for Google's witnesses, and judicial resources would be conserved by transferring this case to Austin given the Court's consolidation of this case with the *Amazon* Case and the Amazon defendants' motion to transfer to Austin.

### A. Private Interest Factors Weigh In Favor Of Transfer To Austin

#### 1. Cost Of Attendance For Willing Witnesses

As explained in Section IV.A.3 above, Google's witnesses and any willing third-party witnesses would need to fly to the WDTX from California. Austin is more convenient than Waco for these witnesses because there are direct flights to Austin, but no direct flights to Waco. Liang Decl., ¶¶ 2, 3. Thus, travel from the NDCA to Austin would also be less costly and less disruptive for these witnesses than travel to Waco due to the cost of flights and time for travel. Liang Decl., ¶¶ 4, 5. Austin is also a less disruptive location for Google and Google's witnesses because of the availability of workspace in Google's Austin offices while those witnesses await their turn to testify. This factor favors transfer to Austin.

#### 2. Practical Problems For An Easy, Expeditious, And Inexpensive Case

This case was consolidated with the *Amazon* Case, and the Amazon defendants have moved for intra-district transfer to Austin. Dkt. 30. Thus, if this case proceeds in this District rather than the NDCA, having both of these cases proceed in Austin will conserve judicial and party resources. Dkts. 38, 39; *see In re Google Inc.*, No. 2017-107, 2017 WL 977038, at *2

(Fed. Cir. Feb. 23, 2017) (recognizing that judicial economy "can play a significant role" in transfer analysis). This factor weighs in favor of transfer to Austin.

### 3. Relative Ease Of Access To Sources Of Proof And Availability Of Compulsory Process

The remaining two private factors are neutral. As explained in Section IV.A.1, HDI does not have any ties to Waco or the WDTX, and Google does not have an office or any employees at a Google office in Waco. Khan Decl., ¶ 7. This Court's subpoena power does not differ materially between Waco and Austin.

### B. Public Interest Factors Are Neutral

All four public interest factors for this case are neutral between Austin and Waco.

## VI. CONCLUSION

Google respectfully requests the Court transfer this case to the NDCA. Transfer to the NDCA is appropriate because the key Google witnesses who work on the accused functionality are located in the NDCA where Google is headquartered, and numerous third-party witnesses reside in the NDCA and can only be compelled to testify at trial in NDCA. Google's documents relating to the accused functionality are also managed from the NDCA. By contrast, Google has no relevant ties to this District, HDI has no ties to this District, and neither party has identified third-party witnesses in this District. Alternatively, if the Court finds that transfer to the NDCA is not warranted, Google respectfully requests that the Court transfer this case to the Austin Division.

### CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), the undersigned counsel for Google conferred with counsel for HDI in a good-faith effort to resolve the matter presented herein and counsel for HDI stated that it opposes the motion.

/s/ Paige A. Amstutz
Paige A. Amstutz

Dated: October 23, 2019                    */s/ Paige Arnette Amstutz*

                                        Steve McConnico
                                        Texas State Bar No. 13450300
                                        smcconnico@scottdoug.com
                                        Paige Arnette Amstutz
                                        Texas State Bar No. 00796136
                                        SCOTT, DOUGLASS & MCCONNICO, LLP
                                        303 Colorado Street, Suite 2400
                                        Austin, TX 78701
                                        Telephone: (512) 495-6300
                                        Facsimile: (512) 495-6399

                                        Darin W. Snyder (*Pro Hac Vice*)
                                        dsnyder@omm.com
                                        Luann L Simmons (*Pro Hac Vice*)
                                        lsimmons@omm.com
                                        David S. Almeling (*Pro Hac Vice*)
                                        dalmeling@omm.com
                                        Mark Liang (*Pro Hac Vice*)
                                        mliang@omm.com
                                        Amy K. Liang (*Pro Hac Vice*)
                                        aliang@omm.com
                                        Daniel Silverman (*Pro Hac Vice*)
                                        dsilverman@omm.com
                                        **O'MELVENY & MYERS LLP**
                                        Two Embarcadero Center
                                        28th Floor
                                        San Francisco, CA 94111-3823
                                        Telephone: 415-984-8700
                                        Facsimile: 415-984-8701

                                        ***Attorneys for Defendant Google LLC***

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on October 23, 2019, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Paige Arnette Amstuz*
Paige Arnette Amstutz
