# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **Hammond Development International, Inc.,** § § § | | |
| *Plaintiff*, § § | **Civil Action No. 6:19-CV-00355-ADA** | |
| v. § § | | |
| **Amazon.com, Inc., Amazon.com LLC, Amazon.com Services, Inc., and Amazon Web Services, Inc.,** § § § § § § | **Jury Trial Demanded** **LEAD CASE** | |
| *Defendants*. § § | | |

| | | |
|---|---|---|
| **Hammond Development International, Inc.,** § § § | | |
| *Plaintiff*, § § | **Civil Action No. 6:19-CV-00356-ADA** | |
| v. § § | | |
| **Google LLC,** § § | **Jury Trial Demanded** | |
| *Defendant*. § § § § | | |

**PLAINTIFF'S RESPONSE TO GOOGLE'S MOTION TO TRANSFER VENUE
[DKT. NO. 42]**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

I. INTRODUCTION ...............................................................................................................1

II. LEGAL STANDARDS .......................................................................................................1

III. ARGUMENT .......................................................................................................................2

    A. Private Interest Factors ............................................................................................5

        1. Factor 1 – Relative ease of access to sources of proof – weighs against transfer or is neutral ................................................................5

        2. Factor 2 – Availability of compulsory process to secure attendance of witnesses – weighs against transfer or is neutral ....................................6

        3. Factor 3 – Cost of attendance for willing witnesses – weighs against transfer or is neutral ................................................................7

        4. Factor 4 – All other practical problems that make trial of a case easy, expeditious, and inexpensive – weighs against transfer ...............................9

    B. Public Interest Factors .............................................................................................10

        1. Factor 5 – Administrative difficulties flowing from court congestion – weighs against transfer .........................................................10

        2. Factor 6 – Local interest in having localized interests decided at home – is neutral or only slightly favors transfer ..................................10

IV. CONCLUSION ..................................................................................................................10

CERTIFICATE OF SERVICE ..................................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Azure Networks, LLC v. CSR, PLC*
    Civ. No. 6:11-CV-139 (E.D. Tex. Jun. 25, 2012) ............................................................. 6

*Continental Grain Co. v. The FBL-585*
    364 U.S. 19 (1960) ............................................................................................................ 9

*Effectively Illuminated Pathways, LLC v. Aston Martin Lagonda of N. Am., Inc.*
    Civ. No. 6:11-CV-00034, 2012 U.S. Dist. LEXIS 114502 (E.D. Tex. Apr. 19, 2012) ....... 7

*Eolas Techs., Inc. v. Adobe Sys., Inc.*
    Civ. No. 6:09-CV-00446, Dkt. No. 424 (E.D. Tex. Sept. 28, 2010) .................................. 8

*Fintiv, Inc. v. Apple Inc.*
    Civ. No. 6:18-CV-00372-ADA, Dkt. No. 73 (W.D. Tex. Sept. 10, 2019) ................ *passim*

*InMotion Imagery Techs., LLC v. Imation Corp.*
    Civ. No. 2:12-CV-00298, 2013 U.S. Dist. LEXIS 41830 (E.D. Tex. Mar. 26, 2013) ......... 6

*In re Genentech, Inc.*
    566 F.3d 1338 (Fed. Cir. 2009) ......................................................................................... 8

*In re Google*
    412 Fed. Appx. 295 (Fed. Cir. 2011) ................................................................................ 9

*In re Vistaprint Ltd.*
    628 F.3d 1342 (Fed. Cir. 2010) ......................................................................................... 9

*In re Volkswagen AG*
    371 F.3d 201 (5th Cir. 2004) ............................................................................................. 2

*In re Volkswagen of Am., Inc.*
    545 F.3d 304 (5th Cir. 2008) ..................................................................................... 1, 7, 9

*Lodsys v. Brothers Int'l Corp.*
    Civ. No. 2:11-CV-90-JRG, 2013 U.S. Dist. LEXIS 51336 (E.D. Tex. Jan. 14, 2013) ....... 9

*Lonestar Inventions, L.P. v. Sony Elecs. Inc.*
    Civ. No. 6:10-CV-588, 2011 U.S. Dist. LEXIS 96828 (E.D. Tex. Aug. 29, 2011) ....... 5–6

*MV3 Partners LLC v. Roku, Inc.*
    Civ. No. 6:18-CV-00308, Dkt. No. 74 (W.D. Tex. Jun. 25, 2019) ................................ 6, 10

*Odom v. Microsoft*
   596 F. Supp. 2d 995 (E.D. Tex. 2009) ...................................................................................6

*RPB Safety, LLC v. Tru-Vision Plastics, Inc.*
   Civ. No. 6:18-CV-00367, Dkt. No. 14 (W.D. Tex. Feb. 20, 2019) ............................7, 8–9

*Sybase, Inc. v. Vertica Sys., Inc.*
   Civ. No. 6:08-CV-00024, 2008 U.S. Dist. LEXIS 44860 (E.D. Tex. June 9, 2008) ...........9

*Texas Data Co. v. Target Brands, Inc.*
   771 F. Supp. 2d 630 (E.D. Tex. 2011) ...................................................................................7

*Thomas Swan & Co. v. Finisar Corp.*
   Civ. No. 2:13-CV-00178, Dkt. No. 102 (E.D. Tex. Jan. 6, 2014) .......................................9

*Uniloc USA Inc. v. Samsung Elecs. Am., Inc.*
   Civ. No. 2:16-CV-00642, Dkt. No. 216 (E.D. Tex. Apr. 19, 2017) ....................................6

*VirtualAgility, Inc. v. Salesforce.com, Inc.*
   Civ. No. 2:13-CV-11, Dkt. No. 140 (Jan. 31, 2014) ............................................................7

## Statutes & Rules

28 U.S.C. § 1404(a) ................................................................................................ *passim*

FED. R. CIV. P. 45(c)(1)(B) ..................................................................................................7

## I. INTRODUCTION

Plaintiff Hammond Development International, Inc. ("HDI") files this response to Defendant Google LLC's ("Google") Motion to Transfer Venue. *See* Dkt. No. 42 ("Motion"). Google contends that the Northern District of California ("NDCA") is a "clearly more convenient" venue than Waco to litigate this case but concedes that moving just 100 miles south to Austin is perfectly acceptable. *See* Motion at 2; Dkt. No. 39, Google's Notice Regarding Consent to Transfer to Austin. That fact alone should end the Texas-versus-California debate about convenience, as Google has the burden of establishing that the convenience factors clearly favor transfer. In fact, a full consideration of the relevant factors shows that neither NDCA nor Austin is clearly more convenient than Waco. The Court should therefore deny Google's Motion to transfer.

## II. LEGAL STANDARDS

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A plaintiff's choice of venue is to be treated "as a burden of proof question." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 n.10 (5th Cir. 2008) ("*Volkswagen II*"). "Although a plaintiff's choice of venue is not a distinct factor in the venue transfer analysis, it is nonetheless taken into account as it places a **significant burden on the movant** to show good cause for the transfer." *Id.* at 314 n.10 (emphasis added). To show good cause, the movant must satisfy the statutory requirements of § 1404(a) and "clearly demonstrate that a transfer is '[f]or the convenience of the parties and witnesses, in the interest of justice.'" *Id.* at 315. Accordingly, "when the transferee venue is **not clearly more convenient** than the venue chosen by the plaintiff, then plaintiff's choice should be respected." *Id.* (emphasis added).

Once the Court determines that the proposed venue is one where the case could have

originally been filed, it analyzes the public and private interest factors discussed in *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). Though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *Volkswagen II*, 545 F.3d at 314–15. Additionally, a District Court may "consider undisputed facts outside the pleadings, but it must draw all reasonable inferences and resolve all factual conflicts in favor of the non-moving party." *Fintiv, Inc. v. Apple Inc.*, Civ. No. 6:18-CV-00372-ADA, Dkt. No. 73 at 3 (W.D. Tex. Sept. 10, 2019) (citation omitted).[1]

### III. ARGUMENT

Google has failed to show that it is entitled to a transfer of this case NDCA or Austin. Google contends factors (1), (2), (3), and (6) weigh in favor of transfer, acknowledging that factor (5) weighs against transfer but arguing that it "should be given the least weight" in the analysis. Motion at 8. In fact, factors (1), (2), and (3) are neutral or weigh against transfer; factors (4) and (5) weigh against transfer; and factor (6) only weighs slightly in favor of transfer or is neutral. Google has a heavy burden to prove that NDCA or Austin is a *clearly more convenient* venue than Waco. It cannot carry that burden when the majority of the factors are neutral or disfavor transfer.

There are several disputed factual issues relevant to Google's transfer request, including the proper scope of discovery related to HDI's infringement allegations and the relevance of potential third-party witnesses. These disputes should be resolved in HDI's favor when considering a request for transfer. *Fintiv* at 3. Google's Motion misrepresents the scope of relevant discovery in this case, narrowing the focus of HDI's infringement allegations to "Actions on Google" and focusing its search for relevant party witnesses accordingly. *See, e.g.*, Motion at 1–2; Dkt. No. 42-1. In fact, HDI's infringement allegations implicate much more of the Google system. For

---

[1] To the extent the Court needs additional information, HDI requests leave to conduct venue discovery of Google.

example, asserted claims of the '937 and '032 Patents implicate the end-user devices themselves. *See, e.g.*, Civ. No. 6:19-CV-00356, Dkt. No. 1 ("Complaint") at Exhibits 12, 15 (claim charts discussing "Google Home/Nest Devices"). Additionally, other claims of the '483, '040, '935, and '816 Patents describe a "communication system" that comprises application servers, repositories, and other back-end system components, and the '732 Patent is directed to an "application server." *See id.* at Exhibits 9, 11, 13, 14, 16 (claim charts). Claim 13 of the '040 Patent describes various aspects of controlling distribution or communication of applications (*e.g.*, by determining load requirements), which will require additional discovery related to Google's back-end servers and operations. *See id.* at Exhibit 3 ('040 Patent) Claim 13. HDI's allegations also implicate the Google Cloud platform, as stated in the Complaint:

> Google Home/Nest Devices (as defined herein) operate on a communication system including a plurality of components, including but not limited to application servers, to allow Google Assistant-enabled devices to remotely execute one or more applications (including applications developed by Google and/or by third-party developers through the Firebase capabilities) associated with Google Home (hereinafter, the "**Google Cloud Platform**").

Complaint at ¶ 67 (bold in original). According to Google's website, it offers many jobs in Texas related to the design and management of its Google Cloud infrastructure (*see* Exhibit 1), indicating there are persons with knowledge of relevant facts much closer to Waco than to NDCA.

Google also bases its request on alleged prior art witnesses who live and work in NDCA. This Court has noted that "prior art witnesses are very unlikely to testify," finding that a movant for transfer "may have cherry picked them to begin with" and giving "their location 'minimal' weight." *Fintiv* at 10–11. As the Court stated, "prior art witnesses do not weigh for or against transfer." *Id.* at 10. Even if prior art witnesses are considered in the transfer analysis, Google's cherry-picking cannot carry its burden of proving that NDCA is clearly more convenient. For example, the patents-in-suit cite other potential prior art systems and/or witnesses in Texas that

Google ignores in its Motion. *See, e.g.*, Exhibit 2 (Patent originally owned by Plano-based EDS with Frisco inventor); Exhibit 3 (MCI patent with four DFW inventors); Exhibit 4 (Nortel patent with two DFW inventors); Exhibit 5 (MCI patent with inventors in Richardson, Texas, Virginia, Colorado, and Mississippi); Exhibit 6 (Journeyx patent with four Austin inventors); Exhibit 7 (patent owned by Dallas-based Droplets); Exhibit 8 (Database-Brothers patent application with three Austin-area inventors). Google cannot claim these other prior art witnesses are irrelevant. In fact, Google believed the EDS patent was valuable enough to acquire it in 2011. *See* Exhibit 9. Thus, the sale and licensing history of the EDS patent may also be relevant to damages. Waco is far more convenient for EDS witnesses than NDCA and also much closer than Austin. Prior art systems and witnesses may also be relevant to secondary considerations of nonobviousness. Thus, if the Court considers prior art witnesses in the transfer analysis, it should consider the witnesses HDI identifies in addition to the witnesses Google has strategically selected for its Motion.

Witnesses and systems associated with InterVoice—a Dallas-based company founded by Daniel Hammond, the inventor of the patents-in-suit, in the early 1980s—will likely also be relevant in this case—potentially to issues such as conception, prior art, secondary considerations of nonobviousness, and damages. For example, the patents-in-suit cite to U.S. Patent Nos. 7,881,285 (listing Mr. Hammond as an inventor) and 6,195,357 (listing Michael J. Polcyn as inventor). Mr. Polcyn was discussed in the Declaration of Daniel Hammond attached to HDI's Response to Amazon's Motion to Transfer. *See* Dkt. No. 34-1 ("Hammond Decl.").

HDI's principal place of business is its office and software development lab in Richardson, Texas. *See* Hammond Decl. at ¶ 4. Mr. Hammond conceived of the claimed inventions and reduced them to practice in the Dallas area. *Id.* at ¶ 8. Mr. Hammond's work on the patents-in-suit evolved from work he did at InterVoice. *See id.* at ¶¶ 6–8. InterVoice was a successful publicly traded

PLAINTIFF'S RESPONSE TO GOOGLE'S  Page 4 of 12
MOTION TO TRANSFER VENUE

company based in Dallas that employed about 1,500 people by the year 2000. *See id.* at ¶ 7. While at InterVoice (where he served as CEO for a number of years), Mr. Hammond worked on many voice-related technologies, including automated telephony systems. *See id.* As technology advanced—and particularly technology related to mobile phones—Mr. Hammond began thinking about leveraging the capabilities of mobile devices into distributed systems that would allow remote execution of applications—first involving new technologies in the phones themselves, then involving remote servers, and then in a cloud-based environment. *See id.* at ¶ 8. The work Mr. Hammond did at InterVoice (*e.g.*, automated processing and voice-recognition systems) helped pave the way for his new ideas, which evolved in part from what he was doing previously. *See id.*

Mr. Hammond's declaration identified at least 7 witnesses (including third parties) who likely have relevant knowledge. *See* Hammond Decl. at ¶¶ 10–17. This is in addition to the other witnesses identified above. Waco is a more convenient forum for HDI's party witnesses and for the non-party witnesses it has identified. Additionally, documents (electronic and paper) relevant to conception, reduction to practice, and HDI's business activities are located in the Dallas area.

Google and its declarant are careful to describe the accused system as "Actions on Google," and are similarly careful to discuss where the "the most significant" witnesses reside and work. *See, e.g.*, Dkt. No. 42-1. But this careful language falls short of proving that NDCA is a "clearly more convenient" forum. Additionally, Google's concession that Austin is an acceptable forum undermines any argument that NDCA is clearly more convenient.

    **A.**    **Private Interest Factors**

        **1.**    **Factor 1 – Relative ease of access to sources of proof – weighs against transfer or is neutral.**

For this factor to weigh in favor of transfer, the movant must demonstrate that transfer will result in more convenient access to sources of proof. *Lonestar Inventions, L.P. v. Sony Elecs. Inc.*,

Civ. No. 6:10-CV-588, 2011 U.S. Dist. LEXIS 96828, at *6 (E.D. Tex. Aug. 29, 2011). HDI is headquartered in the Dallas area, which is closer to Waco than to Austin. *See* Hammond Decl. at ¶ 4. HDI's documents—located at its headquarters and with its counsel in the DFW area (*id.* at ¶ 9)—must be considered in the transfer analysis. *See Azure Networks, LLC v. CSR, PLC*, Civ. No. 6:11-CV-139, at *11 (E.D. Tex. June 25, 2012).

Additionally, most of the evidence in this case is likely stored electronically. As this Court has noted, "most evidence today is provided in electronic format and can be made available at the click of a mouse." *MV3 Partners LLC v. Roku, Inc.*, Civ. No. 6:18-CV-00308, Dkt. No. 74 (W.D. Tex. Jun. 25, 2019); *see id.* at 4–5 ("The Court will not ignore the realities of today 'in favor of a fictional analysis that has more to do with early Xerox machines than modern server forms.'") (quoting *Uniloc USA Inc. v. Samsung Elecs. Am., Inc.*, Civ. No. 2:16-CV-00642, Dkt. No. 216 at 8–9 (E.D. Tex. Apr. 19, 2017)). Thus, transfer of this case will not make access to sources of proof more convenient for anyone. *See Odom v. Microsoft*, 596 F. Supp. 2d 995, 1000 (E.D. Tex. 2009) ("Because electronic information can be accessed conveniently in any number of locations, not simply the location where the information is 'stored,' it does not follow that transfer to the location of the stored information is more convenient for anyone.").

Finally, while Google has identified potential third-party witnesses in NDCA, HDI has located many others in Texas. *See supra*, Section III; Hammond Decl. at ¶¶ 10–13, 16–17. Their potential sources of proof must also be considered in the transfer analysis. *See, e.g., InMotion Imagery Techs., LLC v. Imation Corp.*, Civ. No. 2:12-CV-00298-JRG, 2013 U.S. Dist. LEXIS 41830, at *3 (E.D. Tex. Mar. 26, 2013) (weighing as relevant "third-party sources of proof"). This factor therefore weighs *against* transfer or is at most neutral.

        **2.**      **Factor 2 – Availability of compulsory process to secure attendance of witnesses – weighs against transfer or is neutral.**

This second factor favors transfer when the majority of third-party witnesses are located in the transferee venue. *Volkswagen II*, 545 F.3d at 316. As the party seeking transfer, Google bears the burden of identifying unwilling third-party witnesses who would benefit from the transfer. *Effectively Illuminated Pathways, LLC v. Aston Martin Lagonda of N. Am., Inc.*, Civ. No. 6:11-CV-00034, 2012 U.S. Dist. LEXIS 114502, at *24 (E.D. Tex. Apr. 19, 2012); *Texas Data Co. v. Target Brands, Inc.*, 771 F. Supp. 2d 630, 643 (E.D. Tex. 2011). Google contends that its identification of alleged prior art witnesses makes this factor favor transfer, arguing that "HDI has not identified any third-party witnesses in the WDTX." Motion at 6. This argument fails for at least five reasons. First, this Court has found in the past that prior art witnesses are unlikely to testify, that their locations should be afforded minimal weight, and that they do not weigh in favor of or against transfer. *See Fintiv* at 10–11. Second, it is Google's burden to identify reasons for transfer, not HDI's burden to identify reasons against it. *See, e.g., RPB Safety, LLC v. Tru-Vision Plastics, Inc.*, Civ. No. 6:18-CV-00367, Dkt. No. 14 at 7 n.5 (W.D. Tex. Feb. 20, 2019) (noting "the **movant** has the burden of identifying necessary witnesses and providing a court with sufficient information to permit it to determine what and how important their testimony might be" and calling it "irrelevant" that the plaintiff had not identified specific witnesses or provided a summary of their expected testimony). Third, even if the Court chooses to consider prior art witnesses, HDI has identified several in Texas, including in WDTX. *See supra*, Section III. Fourth, Google has failed to show (or even allege) "how they would be inconvenienced by presenting only the non-party witnesses' deposition testimony at trial." *VirtualAgility, Inc. v. Salesforce.com, Inc.*, Civ. No. 2:13-CV-11, Dkt. No. 140 at 10 (Jan. 31, 2014). Finally, the fact that the witnesses HDI previously identified were not in WDTX is immaterial since they are located in the Dallas area and are therefore subject to this Court's subpoena power. FED. R. CIV. P. 45(c)(1)(B).

### 3. Factor 3 – Cost of attendance for willing witnesses – weighs against transfer or is neutral.

The third factor weighs against transfer or is neutral. "The convenience of the witnesses is probably the single most important factor in a transfer analysis." *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009). Google relies on the location of its own witnesses (who it identifies based on an overly narrow interpretation of the scope of this case) and on alleged prior art witnesses. This Court recently denied transfer in a similar situation, where Apple sought to transfer a case from Waco to NDCA based on the location of Apple witnesses and alleged prior art witnesses. As the Court noted:

> The Court finds that this factor is neutral because of the following: First, the cost of attendance of party witnesses does not weigh for or against transfer because there appear to be several potential witnesses in both NDCA and WDTX. In any case, courts give the convenience of party witnesses little weight. Second, because prior art witnesses are very unlikely to testify, the Court finds that the cost of attendance of prior art witnesses is also neutral because the parties identified potential NXP witnesses in both districts.

*Fintiv* at 13. In contrast, HDI has identified third-party witnesses (other than prior art witnesses) for whom Waco is a more convenient forum. *See supra*, Section III. The convenience to third-party witnesses must be taken into account in a transfer analysis. *See Eolas Techs., Inc. v. Adobe Sys., Inc.*, Civ. No. 6:09-CV-00446, Dkt. No. 424 (E.D. Tex. Sept. 28, 2010) ("All potential material and relevant witnesses must be taken into account for the transfer analysis, irrespective of their centrality to the issues raised in a case or their likelihood of being called to testify at trial."). Additionally, as Google acknowledges, HDI itself (and its party witnesses) are located in Dallas, which is closer to Waco than to Austin by approximately 100 miles.

Finally, Google's argument that traveling from the Bay Area to Waco is too inconvenient for its witnesses is belied by the fact that (1) Google has already consented to have trial in Austin and (2) Google has facilities in Austin that are likely relevant to this case and where it may choose

to draw witnesses for trial. Additionally, this Court has held that "Waco is as accessible as Austin since the time to fly into Dallas and drive to Waco is relatively the same as flying into Austin since such flights usually make a connection in Dallas." *RPB Safety*, Civ. No. 6:18-CV-00367, Dkt. No. 14 at 7 n.5. Moving this case from Waco to NDCA or Austin would simply shift inconveniences from Google to HDI and the third parties it has identified. *See Sybase, Inc. v. Vertica Sys., Inc.*, Civ. No. 6:08-CV-00024, 2008 U.S. Dist. LEXIS 44860, at *3 (E.D. Tex. June 9, 2008) ("shifting of inconveniences does not support transfer") (citations omitted); *Thomas Swan & Co. v. Finisar Corp.*, Civ. No. 2:13-CV-178-JRG, Dkt. No. 102, at 6 (E.D. Tex. Jan. 6, 2014) ("Where a transfer will only shift the inconvenience from one district to another, the movant has not met its burden of persuasion."). This factor weighs against transfer or is at most neutral.

    **4. Factor 4 – All other practical problems that make trial of a case easy, expeditious, and inexpensive – weighs against transfer.**

Judicial economy is "a paramount consideration when determining whether a transfer is in the interest of justice." *Volkswagen II*, 566 F.3d at 1351. Additionally,

> The Court may deny Motions to Transfer Venue based solely on judicial economy. *See In re Vistaprint Ltd.*, 628 F.3d 1342, 1345–47 (Fed. Cir. 2010) (holding that district court may properly deny § 1404(a) transfer based on judicial economy even "when all of the convenience factors clearly favor transfer"); *In re Google*, 412 Fed. Appx. 295, 296 (Fed. Cir. 2011) ("Courts have consistently held that judicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice and having one trial court decide all of these claims clearly furthers that objective").

*Lodsys v. Brothers Int'l Corp.*, Civ. No. 2:11-CV-90-JRG, 2013 U.S. Dist. LEXIS 51336, at *27–28 n.1 (E.D. Tex. Jan. 14, 2013). Here, HDI is currently asserting the same claims against Amazon and Google, making it highly likely that issues in the two cases will overlap as they progress. *See, e.g.*, *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404 was designed to

prevent."). This factor therefore weighs against transfer.

  B. **Public interest factors**

  1. **Factor 5 – Administrative difficulties flowing from court congestion – weighs against transfer.**

Google acknowledges that this factor disfavors transfer. *See* Motion at 8. HDI agrees.

  2. **Factor 6 – Local interest in having localized interests decided at home – is neutral or only slightly favors transfer.**

The only public interest factor Google contends favors transfer is the local interest in having localized interests decided at home. *See* Motion at 8–9. However, this Court has denied transfer in other cases despite agreeing that this factor weighed in favor of transfer. *See, e.g., MV3 Partners*, Dkt. No. 74 at 9. Here, Google's presence in NDCA cannot overcome the other factors that are neutral or weigh against transfer, particularly where Google also has a presence in WDTX. Additionally, if this factor favors NDCA, it does so only slightly. Google sells and ships the accused products (and induces customers to use them) throughout the country. Google's commercial reach related to the accused products—and the local interest that attaches—extends to virtually every available venue in the country—including Waco. Thus, while the *design* of the accused products may occur in NDCA (and Austin), the effect of their *operation* is felt everywhere.

  IV. **CONCLUSION**

By acknowledging that Austin is an appropriate venue, Google cannot show that NDCA is "clearly more convenient" than Waco. Google improperly restricts the scope of HDI's allegations in a calculated effort to ignore its own presence in WDTX and the potential witnesses who live and work here. Additionally, Google narrowly selects alleged prior art witnesses in an effort to show that NDCA would be more convenient for them while ignoring potential witnesses in WDTX and elsewhere in Texas. Google has failed to carry its heavy burden of proving that NDCA or Austin is clearly more convenient than Waco, and its Motion for transfer should be denied.

Dated: October 30, 2019                    Respectfully submitted,

/s/ Eric M. Albritton

**ANDREW J. WRIGHT**
**ERIC M. ALBRITTON**
STATE BAR NO. 00790215
**BRENT N. BUMGARDNER**
STATE BAR NO. 00795272
**ANDREW J. WRIGHT**
STATE BAR NO. 24063927
**NELSON BUMGARDNER ALBRITTON PC**
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
817.377.9111 (telephone)
903.758.7397 (facsimile)
ema@nbafirm.com
brent@nbafirm.com
andrew@nbafirm.com

**JOSEPH P. OLDAKER**
ILLINOIS BAR NO. 6295319
**NELSON BUMGARDNER ALBRITTON PC**
15020 S. Ravinia Avenue, Suite 29
Orland Park, Illinois 60462
708.675.1583 (telephone)
joseph@nbafirm.com

**COUNSEL FOR PLAINTIFF**
**HAMMOND DEVELOPMENT**
**INTERNATIONAL, INC.**

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5(b)(1), I hereby certify that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF filing system, which will generate and send an e-mail notification of said filing to all counsel of record, on this the 30th day of October, 2019.

_____
Eric M. Albritton