# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| HAMMOND DEVELOPMENT INTERNATIONAL, INC. § § § Plaintiff, § § v. § § AMAZON.COM, INC., § AMAZON.COM LLC, § AMAZON.COM SERVICES, INC. § AND § AMAZON WEB SERVICES, INC. § § Defendants. § | | CIVIL ACTION No. 6:19-cv-00355-ADA<br><br>JURY TRIAL DEMANDED<br><br>**[LEAD CASE]** |

| | | |
|---|---|---|
| HAMMOND DEVELOPMENT INTERNATIONAL, INC. § § § Plaintiff, § § v. § § GOOGLE LLC § § Defendant. § | | CIVIL ACTION No. 6:19-cv-00356-ADA<br><br>JURY TRIAL DEMANDED |

**DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF MOTION TO TRANSFER**

The NDCA is the most convenient venue for this case because Google's witnesses, evidence, and likely third-party witnesses are in and most accessible from the NDCA. HDI provides no meaningful rebuttal to this point, while conceding that neither Google nor HDI has ties to, witnesses in, or any evidence in Waco. *See* Dkt. 46. Instead, HDI (1) points to authors of prior art publications cited by the Asserted Patents, whom neither party presently plans to call to trial; (2) cites irrelevant Google job listings in Austin; and (3) asserts that the sole inventor's former colleagues may be knowledgeable about the Asserted Patents' conception even though they are not named inventors. *Id*. at 3–4. These individuals are not key witnesses and none of them live in Waco. Only a few reside in Austin. Simply put, there is an "absence of witnesses within the plaintiff's choice of venue." *In re Genentech, Inc.*, 566 F.3d 1338, 1344 (Fed. Cir. 2009). In this circumstance, it is improper to consider "proximity for a measure of the convenience" in lieu of actual ties to Waco. *Id.* at 1344, 1348. Thus, no weight should be given to HDI's arguments regarding the proximity of Mr. Hammond and third party witnesses to Waco, as none of them reside in Waco. Google, by contrast, has identified over a dozen witnesses who reside in the NDCA and who are knowledgeable about the accused features or prior art products. *See id.* at 1344–45 ("the district court clearly erred in not determining [the convenience] factor to weigh substantially in favor of transfer" whereas "a substantial number of material witnesses reside within the transferee venue and the state of California, and no witnesses reside within the [transferor forum]"). This action should be transferred to the NDCA.

## I. THE NDCA IS THE MOST CONVENIENT VENUE

### A. Private Interest Factors

#### i. Party Evidence – There Are Numerous Witnesses In The NDCA; There Are None In Waco

The sources of proof regarding the accused functionalities in this case reside in the NDCA. HDI's allegations and infringement contentions point to functionalities of Actions on Google. *See*

Dkt. 42-3. The Lead Product Manager and software engineers who work on Actions on Google reside in the NDCA.[1]  Khan Decl. at ¶¶ 4, 5.

HDI counters that its Complaint identifies other products, such as "Google Cloud" and "Google Home/Nest Devices."  But HDI's infringement contentions accuse only one Google product – Actions on Google.  Dkt. 42-3.  HDI's generic references to products in its Complaint (and not actual infringement allegations) does not make venue in Waco more convenient over the NDCA.  Google Cloud refers to a network infrastructure upon which thousands of different services run, of which Actions on Google is one.  *Id.*; https://cloud.google.com/docs/overview/. Likewise, HDI references Google Home/Nest Devices simply because they run the accused Actions on Google.  *See, e.g.*, Dkt. 42-3 at 3, 4.  Moreover, HDI has not identified a single Google employee—whether for Google Cloud, Home/Nest, or otherwise—in the WDTX who possesses key knowledge.  Instead, HDI cites a list of job listings for Google's *Austin* office.  Job listings are not sources of evidence—the Lead Product Manager and engineers who Google identified as having worked on the accused functionalities are.

While Google has identified numerous relevant party witnesses in the NDCA, HDI has identified none in WDTX, instead identifying only one party witness (Mr. Hammond) in Dallas. This single out-of-district party witness cannot outweigh Google's numerous, key NDCA witnesses.

> ii. **Third Parties – The Third-Party Witnesses Who Are Likely To Testify At Trial Reside In The NDCA**

Both Google and HDI identify third-party witnesses.  Google identifies third-party

---

[1] HDI suggests that Google may be hiding relevant ties to the WDTX by using the phrase "most relevant" witnesses.  However, Google's sworn declaration states that the most significant witnesses are in the NDCA, while others are in New York.  Khan Decl. at ¶¶ 4–5.  After a reasonable search, Google has identified no key witnesses in the WDTX.  Khan Decl. at ¶ 6.

company founders, chief technology officers, and engineers in the NDCA who worked on specific, identified prior art products. Dkt. 42 at 2–3. Those witnesses have non-public knowledge about their products' proprietary architecture, development timeline, and public availability such as through commercial sales. Those witnesses' testimony is critical to Google's prior art defenses based on these prior art products, and Google would be substantially prejudiced if it could not call these witnesses at trial. HDI's first two "reasons" thus fall flat. *See* Dkt. 46 at 7.

HDI identifies three groups of third-party witnesses who live in Texas, none of which are in Waco: (1) some authors of a few of the prior art publications cited on the faces of the Asserted Patents, (2) individuals who may be knowledgeable about Google's acquisition of one of those cited prior art patents from a company called EDS, (3) patent attorneys who prosecuted the Asserted Patents, and (4) Mr. Hammond's former colleagues from InterVoice. Because none of these third parties are likely to be called at trial, their non-Waco Texas locations are not relevant to the transfer analysis.

First, the prior art authors are unlikely to be called because HDI will certainly not call prior art witnesses to invalidate its own patents—it identified these authors solely because of their location, without any support for their relevance to invalidity. And Google does not intend to call these individuals at trial. Second, even if Google's acquisition of an expired EDS patent were relevant enough to be an issue at trial, the members of Google's NDCA team that handled the EDS patent acquisition in 2011 are the best source of that information. Third, the prosecuting attorneys would not be called as witnesses unless inequitable conduct issues are raised, and no inequitable conduct allegations have been raised in this case. Fourth, Mr. Hammond's former InterVoice colleagues, none of whom are located in Waco, are not named co-inventors, and HDI asserts only that they "may" have knowledge of conception and reduction to practice. Tellingly, HDI does not

say that they do have such knowledge or that they will be called at trial.

Finally, HDI attempts to counter Google's identification of third-party prior artists in the NDCA by asserting that deposition testimony is equivalent to live trial testimony. Dkt. 46 at 7. HDI's assertion is wrong and would render the compulsory process factor a nullity. Live witness testimony has a greater impact on a jury than pre-recorded deposition testimony. *See Aurora Commercial Corp. v. Lenox Fin. Mortg. Corp.*, No. 13-CV-0323-WJM, 2013 WL 5200231, at *4 (D. Colo. Sept. 16, 2013) ("The impact the non-presence of the primary fact witnesses would have on a trial, should both parties be required to rely solely on their deposition testimony, would be immeasurable."). Google should not be prejudiced by having to show pieced-together clips of deposition video, instead of being able to call key witnesses to testify live about how they built prior art products—particularly because it appears that Mr. Hammond intends to testify at trial.

Google has identified third parties in the NDCA who are likely to provide live testimony at trial, and HDI fails to identify any trial witnesses in the WDTX because there are none. Accordingly, the private factors strongly favor transfer to the NDCA.

**B. Public Interest Factors**

HDI disputes only one public interest factor, local interest, on grounds that Google sells or operates the products in "virtually every available venue in the country." Dkt. 46 at 10. But "acts of alleged infringement occurring within the Western District of Texas are insufficient to give rise to a significant local interest, since such a rationale could apply virtually to any judicial district or division in the United States." *Valeo, Inc. v. Fed.-Mogul Corp.*, No. EP-13-CV-115-PRM, 2013 WL 8480673, at *4 (W.D. Tex. Oct. 17, 2013) (citing *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 318 (5th Cir. 2008)) (internal quotations omitted). Instead, the local interest factor weighs in favor of transfer to a venue where "there are significant connections between [the] particular venue and the events that gave rise to [the] suit." *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010),

*as amended* (Jan. 13, 2011).  Because the NDCA is where Google researched, designed, and developed the accused functionality as explained in Google's Motion (Dkt. 42 at 2), the local interest factor favors transfer to the NDCA.

## II.  AUSTIN DIVISION OF THE WDTX IS MORE CONVENIENT THAN WACO

HDI's two arguments against transfer to Austin are not supported by the law or any facts.  First, HDI argues that Waco is closer to Dallas where Mr. Hammond and the third-party witnesses it listed reside.  Dkt. 46 at 3-5.  But it is error to consider "proximity for a measure of [] convenience" when none of these witnesses are in the WDTX.  *See In re Genentech, Inc.*, 566 F.3d at 1344.  And, as explained above, it is unlikely that either party will call the third-party witnesses identified by HDI.  The fact that Mr. Hammond would need to drive a little over an hour more to get to Austin is substantially outweighed by the significant increased burdens that would be imposed on all of the witnesses identified by Google if the case remains in Waco.[2]  Second, HDI argues that travel to Waco from the NDCA is not significantly less convenient compared to travel to Austin but fails to present any facts to support this argument.  In contrast, Google submitted a sworn declaration presenting facts showing that travel from the NDCA to Austin is more convenient, faster, and cheaper than travel to Waco.  *See* Liang Decl. at ¶¶ 2–5.

## III.  CONCLUSION

Because the witnesses with relevant knowledge about the research, design, and development of the accused functionalities and prior art systems are in the NDCA, and no relevant witnesses are in Waco, Google respectfully requests transfer to the NDCA or, alternatively, Austin.

---

[2] HDI's reliance on *RPB Safety, LLC v. Tru-Vision Plastics, Inc.*, No. 6:18-cv-367-ADA (W.D. Tex. Feb. 20, 2019) to argue that travel to Waco is not substantially less convenient than travel to Austin is misplaced.  That case considered travel from Brenham, Texas, not from the NDCA, and did not consider the availability of direct flights to Austin.  Further, the Court found an added hour and a half drive for the witnesses in that case, as would apply to Mr. Hammond, was not too burdensome.

| Dated: November 6, 2019 | /s/ Luann L. Simmons |
|---|---|
| | Luann L. Simmons |

Darin W. Snyder (*Pro Hac Vice*)
dsnyder@omm.com
Luann L. Simmons (*Pro Hac Vice*)
lsimmons@omm.com
David S. Almeling (*Pro Hac Vice*)
dalmeling@omm.com
Mark Liang (*Pro Hac Vice*)
mliang@omm.com
Amy K. Liang (*Pro Hac Vice*)
aliang@omm.com
Daniel Silverman (*Pro Hac Vice*)
dsilverman@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center
28th Floor
San Francisco, CA 94111-3823
Telephone: 415-984-8700
Facsimile: 415-984-8701

Steve McConnico
Texas State Bar No. 13450300
smcconnico@scottdoug.com
Paige Arnette Amstutz
pamstutz@scottdoug.com
Texas State Bar No. 00796136
**SCOTT, DOUGLASS & MCCONNICO, LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399

***Attorneys for Defendant Google LLC***

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on November 6, 2019, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

                                                    */s/ Luann L. Simmons*
                                                    Luann L. Simmons