IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| HAMMOND DEVELOPMENT INTERNATIONAL, INC. | § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | CIVIL ACTION No. 6:19-cv-00356-ADA |
| GOOGLE LLC | | JURY TRIAL DEMANDED |
| Defendant. | | |

**E/F ISCOVERY ORDER**

1.  **Purpose.** This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure and any other applicable orders and rules.

2.  **General Provisions.**

    a.  **Proportionality.** Parties are expected to use reasonable, good faith and proportional efforts to preserve, identify and produce relevant information consistent with Fed. R. Civ. P. 26(b)(1).[1] This includes identifying appropriate limits to discovery, including limits on custodians, identification of relevant subject matter, time periods for discovery and other parameters to limit and guide preservation and discovery issues. A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

---

[1] Information can originate in any form, including ESI and paper, and is not limited to information created or stored electronically.

b. **Preservation of Discoverable Information.** A party has a common law obligation to take reasonable and proportionate steps to preserve discoverable information in the party's possession, custody or control.

    i. The following data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and, absent a showing of good cause, need not be preserved or restored. ESI from these sources need not be searched, reviewed, or produced:

        1. backup systems and/or tapes used for disaster recovery;

        2. systems, server and network logs; and

        3. systems no longer in use that cannot be accessed.

    ii. Absent a showing of good cause by the requesting party and in furtherance of the Federal Rules on proportionality, the categories of ESI identified in Schedule A attached hereto need not be searched, collected or preserved.

c. **Privilege and Privacy.**

    i. The parties are to confer on the nature and scope of privilege logs for the case, including whether categories of information may be excluded from any logging requirements and whether alternatives to document-by-document logs can be exchanged.

    ii. With respect to information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

    iii. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

    iv.       Pursuant to Pursuant to Federal Rule of Evidence 502(d) and (e), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privilege or work-product-protected documents in this case as part of a production is not itself a waiver in this case or any other federal or state proceeding. Information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced or if notice is provided.

    v.       Nothing in this Order shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of documents and ESI. Disclosures among defendants' attorneys of work product or other communications relating to issues of common interest shall not affect or be deemed a waiver of any applicable privilege or protection from disclosure.

    vi.      Nothing in this Order shall be interpreted to require disclosure of information subject to privacy protections, including information that may need to be produced from outside of the United States and/or may be subject to foreign laws.

3. **Data Sources**:

a. **Email and Electronically Stored Information.** Pursuant to the Court's Order at Dkt. 27, general searches or productions of email or other electronically stored information (ESI) are not required absent a showing of good cause. If a party believes targeted email/ESI discovery is necessary, it shall propose a procedure identifying a limited number of custodians and search terms it believes the opposing party should search. The opposing party can oppose, or propose an alternate plan. If the parties cannot agree, they shall contact chambers to schedule a call with the Court to discuss their respective positions.

b. **Other data sources.** Subject to any exclusions set forth herein, the parties agree to identify potentially relevant data from other sources to the extent a party reasonably anticipates the source may contain non-duplicative, discoverable documents. The parties agree to limit the scope of discovery from other sources if it is unduly burdensome or otherwise disproportionate as contemplated by Fed. R. Civ. P. 26(b)(1).

4. **Specific Discovery Issues.**

a. **On-site inspection of electronic media.** Such an inspection of discoverable information may be permitted pending agreement between the parties.

b. **Search methodology.**

   i. A party may filter out common system files and application executable files by using a commercially reasonable hash identification process. Hash values that may be filtered out during this process are located in the National Software Reference Library ("NSRL") NIST hash set list. Additional culling of file types based on file header information may include, but are not limited to: Application Package File, Backup Files, Batch Files, Binary Disc Image, C++ File Formats,

>   Cascading Style Sheet, Configuration File, Database File, Dictionary files, Dynamic Link Library, Event Log Files, Executables Files, Hypertext Cascading Stylesheet, Java Archive Files, JavaScript files, JavaScript Source Code and Class Files, Macintosh Resource Fork Files, MP3 Files, MP4 Files, Package Manager Files, Program Files, Program Installers, Python Script Files, Quicktime Files, Shell Script Files, System or Temporary Files, Thumbnail Cache Files, Troff Files, TrueType Font Files, Video Media Files, Waveform Audio File Format, Windows Cabinet File, Windows Command Files, Windows File Shortcut, Windows Help Files, Windows Metafiles and Enhanced Metafiles, Windows Spool Files, Windows System File.
>
> ii.  A party is required to produce only a single copy of a responsive document, and a party may de-duplicate responsive ESI across custodians. A party may also de-duplicate email threads and attachments as follows: In an email thread, only the most evolved responsive email in a thread must be produced. Where an earlier-in-thread email has a responsive attachment not contained within the most evolved responsive email, the most evolved earlier-in-thread email containing the attachment will also be produced along with its attachment.

c.  **Format.**  ESI and non-ESI shall be produced to the requesting party in the formats described in Schedule B.  If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

d.  **Source Code.**  No provision of this Order affects the inspection or production of source code, which will be collected and made available consistent with the Protective Order governing this case.

**5. Modification.**

This Stipulated Order may be modified by the parties or by the Court for good cause. Any such modified Stipulated Order will be titled sequentially as follows, "First Modified Stipulated Discovery Order."

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: _____   _____

Counsel for Plaintiff

Dated: _____   _____

Counsel for Defendant

**IT IS ORDERED** that the foregoing Agreement is approved.

Dated: February 22, 2020   _____

ALAN D ALBRIGHT
United States District Judge

**SCHEDULE A**

1. Deleted, slack, fragmented, or other data only accessible by forensics.

2. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

3. On-line access data such as temporary internet files, history, cache, cookies, and the like.

4. Data in metadata fields that are frequently updated automatically, such as last opened dates.

5. Automatically saved versions of documents and emails.

6. Voice messages.

7. Instant messaging and chat application data.

8. Electronic mail or pin-to-pin messages sent to or from mobile devices (e.g., iPhone and Blackberry devices), provided that a copy of such mail is routinely saved elsewhere.

9. Other electronic data stored on a mobile device, such as calendar or contact data or notes, provided that a copy of such information is routinely saved elsewhere.

10. Logs of calls made from mobile devices.

11. Video and audio recordings.

12. Electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report.

13. Data remaining from systems no longer in use that is unintelligible on the systems in use.

14. Information created or copied during the routine, good-faith performance of processes for the deployment, maintenance, retirement, and disposition of computer equipment.

## SCHEDULE B
## PRODUCTION FORMAT AND METADATA

1. **Production Components.** Productions shall include, single page TIFFs, Text Files, an ASCII delimited metadata file (.txt, .dat, or .csv) and an image load file that can be loaded into commercially acceptable production software (e.g., Concordance).

2. **Image Load File** shall contain the following comma-delimited fields: BEGBATES, VOLUME, IMAGE FILE PATH, DOCUMENT BREAK, FOLDER BREAK, BOX BREAK, PAGE COUNT.

3. **Metadata Fields and Metadata File.** The parties are only obligated to provide the following metadata for all ESI produced, to the extent such metadata exists. The parties are not obligated to populate manually any of the fields below if such fields cannot be extracted from a document, with the exception of the following: BEGBATES, ENDBATES, BEGATTACH, ENDATTACH, and CUSTODIAN. The metadata file shall be delimited according to the following characters:
   - Delimiter = ¶ (ASCII:020)
   - Text-Qualifier = þ (ASCII:254)
   - New Line = ® (ASCII:174)
   - Multi-value delimiter - ; (ASCII Code 059)

| Field Name | Field Description |
|---|---|
| BEGBATES | Beginning Bates number as stamped on the production image |
| ENDBATES | Ending Bates number as stamped on the production image |
| BEGATTACH | First production Bates number of the first document in a family |
| ENDATTACH | Last production Bates number of the last document in a family |
| CUSTODIAN | Includes the Individual (Custodian) from whom the documents originated and all Individual(s) whose documents de-duplicated out (De-Duped Custodian). |
| SUBJECT | Subject line of email |
| TITLE | Title from properties of document |
| DATESENT | Date email was sent (format: MM/DD/YYYY) |
| TO | All recipients that were included on the "To" line of the email |
| FROM | The name and email address of the sender of the email |
| CC | All recipients that were included on the "CC" line of the email |

8

| | |
|---|---|
| BCC | All recipients that were included on the "BCC" line of the email |
| AUTHOR | Any value populated in the Author field of the document properties |
| FILENAME | Filename of an electronic document (Edoc or attachment) |
| DATEMOD | Date an electronic document was last modified or created (format: MM/DD/YYYY) (Edoc or attachment) |
| DATECREATED | Date the document was created (format: MM/DD/YYYY) (Edoc or attachment) |
| FILESIZE | Size (in bytes) of an electronic document (Edoc or attachment) |
| FILEEXTENSION | Suffix to a filename that indicates the file format of its content (Edoc or attachment) |
| NATIVELINK | Native File Link (Native Files only) |
| TEXTLINK | Link to text files |

4. **TIFFs.** Documents that exist only in hard copy format shall be scanned and produced as TIFFs. Unless excepted below, documents that exist as ESI shall be converted and produced as TIFFs. Unless excepted below, single page Group IV TIFFs should be provided, at least 300 dots per inch (dpi) for all documents. Each TIFF image shall be named according to a unique corresponding Bates number associated with the document. Each image shall be branded according to the Bates number and the agreed upon confidentiality designation. Original document orientation should be maintained (i.e., portrait to portrait and landscape to landscape). TIFFs shall show all text and images that would be visible to a user of the original documents.

5. **Text Files.** A single multi-page text file shall be provided for each document, and the filename should match its respective TIFF filename. A commercially acceptable technology for optical character recognition "OCR" shall be used for all scanned, hard copy documents. When possible, the text of native files should be extracted directly from the native file. Text files will not contain the redacted portions of the documents and OCR text files will be substituted instead of extracted text files for redacted documents. All documents shall be produced with a link in the TextLink field.

6. **Image Load Files / Data Load Files.** Each TIFF in a production must be referenced in the corresponding image load file. The total number of documents referenced in a production's data load file should match the total number of designated document breaks in the Image Load file(s) in the production. The total number of pages referenced in a production's image load file should match the total number of TIFF files in the production. The total number of documents in a production should match the total number of records in the data load file.

7. **Bates Numbering.** All images must be assigned a unique Bates number that is sequential within a given document and across the production sets.

8. **Confidentiality Designation.** Responsive documents in TIFF format will be stamped with the appropriate confidentiality designations in accordance with the Protective Order in this matter. Each responsive document produced in native format will have its confidentiality designation identified in the filename of the native file.

9. **Redaction Of Information.** If documents are produced containing redacted information, an electronic copy of the original, unredacted data shall be securely preserved in such a manner so as to preserve without modification, alteration or addition the content of such data including any metadata therein.

10. **Native File Productions.** Spreadsheets (e.g., MS Excel, Google Sheets) and delimited text files (e.g. comma-separated value (.csv) files and tab-separated value (.tsv) files) shall be produced in either their native format or MS Excel. TIFF images need not be produced unless the files have been redacted, in which instance such files shall be produced in TIFF with OCR Text Files. A TIFF placeholder indicating that the document was provided in native format should accompany the database record. If a file has been redacted, TIFF images and OCR text of the redacted document will suffice in lieu of a native file and extracted text.

11. **Proprietary Files.** To the extent a response to discovery requires production of ESI accessible only through proprietary software, the parties should continue to preserve each version of such information. The parties shall meet and confer to finalize the appropriate production format.

12. **Production Media.** Documents shall be encrypted and produced via secured FTP on external hard drives, readily accessible computer(s) or other electronic media ("Production Media"). Each piece of Production Media shall identify a production number corresponding to the production volume (e.g., "VOL001," "VOL002"), as well as the volume of the material in that production (e.g. "-001," "-002"). Each piece of Production Media shall also identify: (1) the producing party's name; (2) the production date; (3) the Bates Number range of the materials contained on the Production Media; and (4) the set(s) of requests for production for which the documents are being produced.

31868212