IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **HAMMOND DEVELOPMENT** § | | |
| **INTERNATIONAL, INC.,** § | | |
| *Plaintiff,* § | | |
| § | CIVIL ACTION 1:20-cv-00342-ADA | |
| **v.** § | | |
| § | | |
| **GOOGLE LLC.,** § | | |
| *Defendant* § | | |

**ORDER DENYING DEFENDANT GOOGLE'S
MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)**

Came on for consideration this date the Motion of Defendant Google to transfer under 28 U.S.C. § 1404(a), filed on October 23, 2019. ECF No. 42. Plaintiff Hammond Development International, Inc. (hereinafter "HDI") filed its response on October 30, 2019 (ECF No. 46) and Google replied on November 6, 2019 (ECF No. 49).

After careful consideration of the arguments made, the Court **DENIES** Google's motion to transfer the case to the Northern District of California, but **GRANTS** Google's alternative motion to transfer the case to the Austin Division of the Western District of Texas, for the reasons described below.

**I.      Factual Background and Procedural History**

HDI filed this lawsuit on June 6, 2018, alleging infringement of the following patents: U.S. Patent No. 9,264,483; U.S. Patent No. 9,420,011; U.S. Patent No. 9,456,040; U.S. Patent No. 9,705,937; U.S. Patent No. 9,716,732; U.S. Patent No. 10,193,935; U.S. Patent No. 10,264,032; and U.S. Patent No. 10,270,816. ECF No. 1 at ¶ 17. The title of all the Patents are "Method and System for Enabling a Communication." *Id.* at ¶ 18–58. According to HDI, Google makes, uses, sells, offers to sell, or imports into the US systems for enabling a communication

device to remotely execute an application as claimed in each of the Patents-in-Suit. *Id.* at ¶ 67. HDI alleges that Google Home, Google Home Mini, Google Home Max, Google Nest Hub, Google Nest Hub Max, and other Google Assistant-enabled devices associated with the Google Cloud Platform infringe the Patents-in-Suit. *Id.* at ¶ 68.

On October 11, 2019, this Court ordered that this case be consolidated with the *Amazon* case. After consolidation, Google filed a motion to transfer venue under 28 U.S.C. § 1404(a) requesting that the case be transferred to the Northern District of California ("NDCA") or, in the alternative, to the Austin Division of the Western District of Texas ("WDTX"). ECF No. 42 at 1.

## II.     Standard of Review

Title 28 U.S.C. § 1404(a) provides that, for the convenience of parties and witnesses, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The party moving for transfer carries the burden of showing good cause. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) (hereinafter "*Volkswagen II*") ("When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must . . . clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'") (quoting 28 U.S.C. § 1404(a)).

"The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *Volkswagen II*, 545 F.3d at 312. If so, in the Fifth Circuit, the "[t]he determination of 'convenience' turns on a number of public and private interest factors,

none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter "*Volkswagen I*") (citing to *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Courts evaluate these factors based on "the situation which existed when suit was instituted." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

Courts may "consider undisputed facts outside the pleadings, but it must draw all reasonable inferences and resolve all factual conflicts in favor of the non-moving party." *Weatherford Tech. Holdings, LLC v. Tesco Corp.*, No. 2:17-CV-00456-JRG, 2018 WL 4620636, at *2 (E.D. Tex. May 16, 2019).

A plaintiff's choice of venue is not an independent factor in the venue transfer analysis, and courts must not give inordinate weight to a plaintiff's choice of venue. *Volkswagen II*, 545 F.3d at 314 n.10, 315 ("[W]hile a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege."). However, "when the transferee venue is not clearly more convenient than the

venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 315; *see also QR Spex, Inc. v. Motorola, Inc.*, 507 F.Supp.2d 650, 664 (E.D. Tex. 2007) (characterizing movant's burden under § 1404(a) as "heavy").

### III. Discussion regarding transfer to the Northern District of California

As a preliminary matter, neither party contests the fact that venue is proper in NDCA and could have been filed there.

#### a. Relative ease of access to sources of proof

In considering the relative ease of access to proof, a court looks to where the parties store documentary evidence, such as documents and physical evidence. *Volkswagen II*, 545 F.3d at 316.

Google argues that this factor weighs in favor of transfer for three reasons. First, Google argues that the access to sources of proof factor favors the NDCA because Google researches, designs, develops, and tests the accused functionality in the NDCA. ECF No. 42 at 5. More specifically, Google asserts that "at least 12 key witnesses, founders, technical leads, and engineers . . . still reside in California—nearly all in the San Francisco Bay Area." *Id.* at 2. Second, Google asserts that the companies and witnesses that developed prior art products are located in NDCA. *Id.* at 5. Finally, Google asserts that HDI does not have any ties to the WDTX because HDI's one party witness is based out of the DFW area. *Id.* at 5.

In response, HDI makes two main counterarguments regarding Google's access to sources of proof. First, HDI argues that despite having evidence from both parties in DFW and in the NDCA, most of the evidence is likely stored electronically. *Id.* As a result, a transfer will not make access to sources of proof more convenient for either party. *Id.* Second, HDI asserts that HDI has located potential third-party witnesses for Google in the WDTX. Specifically, HDI

asserts that Google offers many jobs in the WDTX related to the design and management of its Google Cloud infrastructure. *Id.* at 3.

In its reply, Google makes three counterarguments. First, Google argues that HDI's allegations and infringement contentions only point to functionalities of one product—Actions on Google. ECF No. 49 at 1. The sources of proof for Actions on Google are located in the NDCA. Google asserts that HDI refers to Google Home/Nest Devices in their complaint simply because they run the accused Actions on Google. *Id.* at 2. Second, Google asserts that HDI failed to identify a single Google employee in the WDTX who possesses key knowledge. *Id.* Instead, HDI only cited a job listing for Google's Austin office. *Id.* Finally, Google argues that they have identified numerous third-party witnesses who are likely to testify at trial. HDI, on the other hand, only identified three groups of third-party witnesses, none of which are likely to be called at trial.

The Court finds that the "relative ease of access to sources of proof" slightly weighs towards transfer for the reasons that follow. First, although HDI asserts that most of the evidence is stored electronically, the physical location of electronic documents does not affect the outcome of this factor under current Fifth Circuit precedent. *See, e.g., Volkswagen II*, 545 F.3d at 316. Thus, because Google is the accused infringer, it is likely that it will have the bulk of the documents that are relevant in this case. *See, e.g.*, *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location."). Therefore, the Court finds that the location of the documents relevant in this case weighs towards transfer.

Second, the Court finds that, for party witnesses, NDCA and WDTX are equally convenient. This Court looks at the totality of the circumstances, including but not limited to, the witness's title and relevant experience, the likelihood that a witness may have relevant information, the number of witnesses, the location of those witnesses, whether the testimony of the witnesses goes to an element of a claim, the amount of public information available to the parties, etc. While Google has identified several employees in NDCA with relevant information, HDI identifies individuals, including the HDI founder, for which WDTX is more convenient. HDI also asserts that the Austin-based Google employees relating to the design and management of its Google Cloud infrastructure are persons with knowledge of relevant facts in the WDTX. Because the parties have identified a few potential witnesses in both NDCA and WDTX, the Court finds that party witnesses are neutral in terms of transfer.

Because the location of the documents favors transfer and the party witnesses factor is neutral, the Court finds that the relative ease of access to sources of proof slightly favors transfer to the NDCA.

### b. Availability of compulsory process to secure the attendance of witnesses

In this factor, the Court considers the availability of compulsory process to secure the attendance of witnesses, particularly non-party witnesses whose attendance may need to be secured by a court order. *Volkswagen II*, 545 F.3d at 316.

Google argues that it has identified 12 witnesses with relevant prior art products from companies with headquarters in the NDCA. ECF No. 42 at 6. All of these third-party witnesses are within the subpoena power of the NDCA, but outside of this Court's trial subpoena power. *Id.*

In its response, HDI argues that Google's argument fails for at least five reasons. First, HDI asserts that this Court has previously found that prior art witnesses are unlikely to testify. ECF No. 46 at 7. Specifically, the prior art witnesses should be afforded minimal weight, and that they do not weigh in favor of or against transfer. *Id.* Second, HDI argues that Google has the burden to identify reasons for transfer. *Id.* Third, if the Court chooses to identify prior art witnesses, HDI argues that they have identified several in Texas, including in the WDTX. *Id.* Fourth, HDI argues that Google failed to show how prior art witness depositions inconveniences Google. Lastly, HDI points out that the witnesses located in the DFW area are subject to this Court's subpoena power.

In its reply, Google makes one counterargument. ECF No. 49 at 4. Google argues that deposition testimony is not equivalent to live trial testimony. *Id.* Specifically, Google says that they should not be prejudiced by having to show pieced-together clips of deposition video, instead of being able to call key witnesses to testify live. *Id.*

After considering the parties' arguments, the Court finds that this factor is neutral for the reason that follows. Because prior art witnesses are very unlikely to testify (and that Google may have cherry-picked them to begin with), the Court gives their location "minimal" weight. *East Tex. Boot Co., LLC v. Nike, Inc.*, No. 2:16-cv-0290-JRG-RSP, 2017 WL 28559065 at *4 (E.D. Tex. Feb. 15, 2017). Accordingly, prior art witnesses do not weigh for or against transfer. Because both Google and HDI based their entire argument on prior art witnesses, all of the other arguments set forth by each party is irrelevant. Therefore, the Court finds that availability of compulsory process to secure the attendance of witnesses is neutral.

### c. Cost of attendance for willing witnesses

The convenience of witnesses is the single most important factor in the transfer analysis. *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009). The Court should consider all potential material and relevant witnesses. *See Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-cv-693, 2017 WL 4155236, at *5 (E.D. Tex. Sept. 19, 2017). "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Id.* at 1343. The convenience of party witnesses is given little weight. *See ADS Sec. L.P. v. Advanced Detection Sec. Servs., Inc.*, No. A-09-CA-773-LY, 2010 WL 1170976, at *4 (W.D. Tex. Mar. 23, 2010), report and recommendation adopted in A-09-CA-773-LY (ECF No. 20) (Apr. 14, 2010).

As a preliminary matter, given typical time limits at trial, the Court does not assume that all of the party and third-party witnesses listed in the 1404(a) briefing will testify at trial. Instead, in addition to the party's experts, the Court assumes that no more than a few party witnesses—and even fewer third-party witnesses, if any—will testify live at trial. Therefore, long lists of potential party and third-party witnesses do not affect the Court's analysis for this factor.

The Court finds that this factor is neutral because of the following: First, the cost of attendance of party witnesses does not weigh for or against transfer because there appear to be several potential witnesses in both districts. In any case, courts give the convenience of party witnesses little weight. Second, because prior art witnesses are very unlikely to testify, the Court finds that the cost of attendance of prior art witnesses does not weigh for or against transfer. Because neither party nor prior art witnesses weigh for or against transfer, the Court finds that the factor on cost of attendance of willing witnesses is neutral.

### d. All other practical problems that make trial of a case easy, expeditious and inexpensive

In this factor, the court considers the practical problems that make a trial easy, expeditious, and inexpensive for the private parties. *In re Genentech, Inc.*, 566 F.3d at 1342. "Judicial economy is served by having the same district court try the cases involving the same patents." *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009). "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy, and money that § 1404(a) was designed to prevent." *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960).

Google argues that this point is neutral. ECF No. 42 at 8. Conversely, HDI argues that this point weighs in their favor because the Court consolidated this case with *Amazon*. Specifically, HDI points out that HDI has asserted the same claims against Amazon and Google, making it highly likely that issues will overlap.

The Court finds that this factor weighs towards denying the motion to transfer to the NDCA. The Court has consolidated the claims against both Amazon and Google. The consolidation of two cases makes the best use of HDI resources. HDI is now able to file joint motions and all other things that come with having a consolidated patent case. In addition, WDTX is simply a less congested venue than the NDCA. *See Uniloc 2017 LLC v.* Apple, 6-19-cv-00532 (W.D. Tex. June 22, 2020), ECF No. 72 at 29. Thus, the Court finds that the other practical problems weigh in favor of denying transfer to the NDCA.

### e. Administrative difficulties flowing from court congestion

The relevant inquiry under this factor is actually "[t]he speed with which a case can come to trial and be resolved[.]" *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009). In its motion, Google admits that this Court's time-to-trial is currently 25% faster than the NDCA.

9

ECF No. 42 at 8. Despite their admission, Google argues that this factor should be given the least weight because the Federal Circuit has held that time to trial is the most speculative factor. *Id.* In its response, HDI agrees that the time-to-trial favors HDI and that the factor should disfavor transfer to the NDCA. ECF No. 46 at 10.

Because the time-to-trial statistics in this Court is currently 25% faster than the NDCA, the Court finds that this factor weighs against transfer.

### f. Local interest in having localized interests decided at home

In its motion, Google argues that they have a stronger local interest in this litigation than the WDTX because Google developed the accused products in the NDCA. ECF No. 42 at 8. In its response, HDI argues that Google's presence in NDCA favors this factor only slightly. Specifically, HDI argues that Google sells and ships the accused products throughout the country. Thus, the effect of their operation is felt everywhere.

In its reply, Google contends that the local interest factor weighs in favor of transfer to a venue where there are significant connections between the particular venue and the events that gave rise to the suit. ECF No. 49 at 4. Thus, because the NDCA is where Google researched, designed, and developed the accused functionality, the local interest factor favors transfer to the NDCA. *Id.* at 5.

The Court finds that this factor slightly weighs in favor of transfer. Google is a large employer in both the NDCA and the WDTX, so both districts have a significant interest in this case. Google's contribution to this factor is neutral. While Google does have a large number of employees in both districts, Google researched, designed, and developed the accused functionality in the NDCA. Accordingly, given that Google's presence in both districts is neutral

in terms of transfer, but Google's development of the accused functionality weighs in favor of transfer, the Court finds that the local interest factor slightly favors transfer to the NDCA.

### g. Familiarity of the forum with the law that will govern the case

Both parties agree that this factor is neutral. ECF No. 42 at 8 (Google), ECF No. 46 at 10 (HDI). The Court also agrees.

### h. Avoidance of unnecessary problems of conflict of laws or in the application of foreign law

Both parties agree that this factor is neutral. ECF No. 42 at 8 (Google), ECF No. 45 at 10 (HDI). The Court also agrees.

### i. Conclusion

Having found that (1) access to proof and local interests slightly weigh in favor of transfer; (2) court congestion and other practical problems weigh against transfer; and (3) all other factors being neutral, the Court finds that Google has not met its "heavy burden" to demonstrate that NDCA is "clearly more convenient." *Volkswagen II*, 545 F.3d at 314 n.10, 315; *QR Spex*, 507 F. Supp. 2d at 664.

## IV. Discussion regarding alternative motion to transfer to Austin

Google's alternative motion is to transfer this case to the Austin Division. Google argues that the Austin Division is clearly more convenient than the Waco Division because Google has an office and employees in Austin. ECF No. 42 at 9. Also, Google argues that the intra-district to Austin will save judicial resources because of the consolidation with the *Amazon* case. *Id.* at 9.

In its response, HDI argues that Waco is more convenient for HDI because their headquarters are located in the DFW area. ECF No. 46 at 6. Also, HDI argues, for those traveling from the NDCA, that Waco is equally as accessible as Austin. *Id. at 9.* Specifically, HDI argues

that flying into Dallas and driving to Waco takes the same amount of time as flying into Austin because Austin flights usually make a connection in Dallas. *Id.*

In its reply, Google makes two counterarguments. First, Google argues that it is an error to consider proximity for a measure of convenience when none of the HDI witnesses are in the WDTX. ECF No. 49 at 5. Second, Google argues that HDI failed to present any facts to support their contention that travel to Waco from the NDCA is not significantly less convenient compared to travel to Austin. *Id.*

The Court agrees that the Austin Division is more convenient than the Waco Division for the reasons Google has described. In short, whatever facts weigh against transfer to the NDCA from the WDTX also weigh in favor of transferring to Austin from Waco. Therefore, the Court finds that Google has met its "heavy burden" of demonstrating that Austin is "clearly more convenient."

## V. Conclusion

It is therefore **ORDERED** that Google's motion for transfer venue to the Northern District of California is **DENIED**. It is further **ORDERED** that Google's alternative motion is **GRANTED** and that the above-styled case be **TRANSFERRED** to the Austin Division but remain on the docket of United States District Judge Alan D Albright and according to the scheduling order that was entered in this case on November 1, 2019.

**SIGNED** this 24th day of June, 2020.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE